UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROSAN FERGUSON, on behalf of herself
and others similarly situated,

      CASE NO.:

    Plaintiff,

v.

1800 TAX TEAM PROS, INC., a Florida
Profit Corporation, 1800 TAX PRO, INC., a Florida
Profit Corporation, MELANIE SANTIAGO, individually,
and LOANY M. CENTENO, JR. individually

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSAN FERGUSON ("FERGUSON" or "Plaintiff"), by and through her undersigned counsel, files this Complaint on behalf of herself and others similarly situated, against Defendants, 1800 TAX TEAM PROS, INC. ("TTP"), 1800 TAX PRO, INC. ("TP"), MELANIE SANTIAGO ("MS"), and LOANY M. CENTENO, JR. ("LC") (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to: recover minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon the FLSA, a federal statute.

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, TTP was and continues to be a Florida Profit Corporation, engaged in business in Florida and nationwide, with its principal place of business in Broward County, Florida.

6. At all times material hereto, TP was and continues to be a Florida Profit Corporation, engaged in business in Florida and nationwide, with its principal place of business in Broward County, Florida.

7. At all times material hereto, Plaintiff, and the similarly situated class of individuals she seeks to represent, were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, MS was and continues to be a resident of Broward Beach County, Florida.

9. At all times material hereto, MS operated TTP and TP, a grouping of tax relief services located throughout South Florida.

10. At all times material hereto, MS regularly held and/or exercised the authority to hire and fire employees of TTP and TP.

11. At all times material hereto, MS regularly held and/or exercised the authority to determine the work schedules for the employees of TTP and TP.

12. At all times material hereto, MS regularly held and/or exercised the authority control the finances and operations of TTP and TP.

13. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of TTP and TP; (b) determine the work schedules for the employees of TTP and TP; and (c) control the finances and operations of TTP and TP, MS is an employer as defined by 29 U.S.C. 201 *et. seq.*

14. At all times material hereto, LC was and continues to be a resident of Broward Beach County, Florida.

15. At all times material hereto, LC operated TTP and TP, a grouping of tax relief services located throughout South Florida.

16. At all times material hereto, LC regularly held and/or exercised the authority to hire and fire employees of TTP and TP.

17. At all times material hereto, LC regularly held and/or exercised the authority to determine the work schedules for the employees of TTP and TP.

18. At all times material hereto, LC regularly held and/or exercised the authority control the finances and operations of TTP and TP.

19. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of TTP and TP; (b) determine the work schedules for the employees of TTP and TP; and (c) control the finances and operations of TTP and TP, LC is an employer as defined by 29 U.S.C. 201 *et. seq*

20. At all times material hereto, Plaintiff, and the class of similarly situated individuals at issue, were jointly employed by all Defendants within the meaning of FLSA.

21. To that end, Defendants' shared common offices, equipment, management,

training, and interchangeably controlled the course and scope of Plaintiff's, and the similarly situated class', daily employment with Defendants.

22. At all times material hereto, Defendants were "joint employers" within the meaning of FLSA as articulated in 29 C.F.R. §791.2.

23. At all times material hereto, Defendants were and continue to be "a joint enterprise" engaged in commerce, within the meaning of FLSA.

24. At all times material hereto, Defendants and Plaintiff processed tax documents from their customers and others, over interstate lines in dealing with the internal revenue service.

25. At all times material hereto, Defendants were, and continue to be, a "joint enterprise" engaged in the "production of goods for commerce," within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of Defendants jointly exceeded $500,000.00 per annum during the relevant time periods.

27. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

28. Specifically, at all times material hereto, Defendants had two (2) or more employees handling products, some or all of which were manufactured outside of the State of Florida.

29. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA as she regularly interacted with customers outside the State of Florida, and assisted in filing documents on their behalf with the Internal Revenue Service located outside of Florida.

4

30. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

31. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

32. From December 11, 2017, until February 9, 2018, Plaintiff worked for Defendants inside a call center as a non-exempt tax preparer on what was supposed to be a piece rate pay basis.

33. Defendants attempted to classify Plaintiff, and the class of similarly situated individuals she seeks to represent, as "independent contractors," despite the fact that Defendants: (a) exclusively provide Plaintiff and the similarly situated individuals at issue with a workplace, telephones, computers, and customers to perform their job duties; (b) control the daily duties and performance of Plaintiff and the similarly situated individuals at issue including telling them what to say to customers, how to say it, and providing training to these individuals (c) schedule Plaintiff and the similarly situated class of individuals she seeks to represent, and discipline them for not working enough or adhering to said schedule; (d) unilaterally decide the method and manner in which Plaintiff and the similarly situated class of individuals she seeks to represent get paid; and (e) otherwise control and dictate the terms of employment for Defendants.

34. In light of the allegations set forth above, Plaintiff and the similarly situated class of individuals she seeks to represent have been misclassified as independent contractors because the "economic realities" of their relationship with Defendants is that of employees.

35. Plaintiff, and the similarly situated class of individuals she seeks to represent regularly worked in excess of forty (40) hours per week, and often in excess of sixty (60) hours

per week, based on the assigned schedule set by Defendants.

36. Despite these long hours worked, Plaintiff, and the similarly situated class of individuals she seeks to represent, were often paid nothing for their work, and when they were paid, such payments were well below the federally mandated minimum wage.

37. Despite these long hours worked, Plaintiff, and the similarly situated class of individuals she seeks to represent, were never paid time and one half overtime compensation, despite being entitled to same.

38. Plaintiff, and the similarly situated class of individuals she seeks to represent, should have been compensated at the rate of one and one-half times their regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

39. Plaintiff, and the similarly situated class of individuals she seeks to represent, should have been compensated at the federally mandated minimum wage for all hours that they worked for Defendants.

40. Defendants have violated Title 29 U.S.C. §§ 206 and 207 throughout Plaintiff's, and the similarly situated class of individuals she seeks to represent's, employment in that:

    a. They worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate them at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA;

    c. No payments or provisions for payment have been made by Defendants to

properly compensate them the federally mandated minimum wage for all hours worked as required by the FLSA; and

d. Defendants failed to maintain proper time records as mandated by the FLSA.

41. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## CLASS DEFINITION

42. Plaintiff is seeking conditional certification on behalf of the following defined Class of Similarly Situated individuals:

> **All Individuals Who Were Misclassified by Defendants as Independent Contractors From April 2015 Through Current Who Worked in Defendants' Call Centers and: (a) Were Not Paid Minimum Wage for All Hours Worked Per Week; and (b) Were Not Paid Time and One Half Compensation for All Hours Worked Over Forty (40) Per Workweek.**

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff re-alleges and reavers paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. Plaintiff, and the class of similarly situated individuals she seeks to represent, worked in excess of the forty (40) hours per week for which they were not compensated at the statutory rate of time and one-half times Plaintiff's regular rate of pay.

45. Plaintiff, and the class of similarly situated individuals she seeks to represent, were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

46. At all times material hereto, Defendants failed and continue to fail to maintain

proper time records as mandated by the FLSA.

47. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and the class of similarly situated individuals she seeks to represent, at a rate of time and one-half their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

48. Defendants failed to properly disclose or apprise Plaintiff, and the class of similarly situated individuals she seeks to represent, of their rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and the class of similarly situated individuals she seeks to represent, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Prior to the filing of this lawsuit, Defendants did not confer with a lawyer to determine whether their pay practices were in compliance with the requirements of the FLSA.

51. Prior to the filing of this lawsuit, Defendants did not confer with the DOL to determine whether their pay practices were in compliance with the requirements of the FLSA.

52. Prior to the filing of this lawsuit, Defendants did not confer with an accountant to determine whether their pay practices were in compliance with the requirements of the FLSA.

53. Based on the allegations above, Defendants had no objective or subjective good faith belief that their pay and time practices were in compliance with the FLSA, and Plaintiff, and the similarly situated class of individuals she seeks to represent, are entitled to liquidated damages.

54. Plaintiff, and the class of similarly situated individuals she seeks to represent, are

entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE,** Plaintiff respectfully requests that this Court conditionally certify above defined class, award Plaintiff, and the class of similarly situated individuals she seeks to represent, full overtime damages owed, liquidated damages, reasonable attorneys' fees and costs, and all other relief this Court deems just and proper.

## COUNT II-
## VIOLATION OF 29 U.S.C. §206 MINIMUM WAGE

55. Plaintiff re-alleges and reavers paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

56. Plaintiff, and the class of similarly situated individuals she seeks to represent, were not compensated at the federally mandated minimum wage for all hours worked.

57. Plaintiff, and the class of similarly situated individuals she seeks to represent, were and are entitled to be paid at the statutory minimum wage for all hours worked.

58. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

59. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and the class of similarly situated individuals she seeks to represent, at least the federally mandated minimum wage when they knew, or should have known, such was, and is due.

60. Defendants failed to properly disclose or apprise Plaintiff, and the class of similarly situated individuals she seeks to represent, of their rights under the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and the class of similarly situated individuals she seeks to represent, suffered and continue to suffer

damages and lost compensation for all hours worked for which they were not paid minimum wage, plus liquidated damages.

62. Prior to the filing of this lawsuit, Defendants did not confer with a lawyer to determine whether their pay practices were in compliance with the requirements of the FLSA.

63. Prior to the filing of this lawsuit, Defendants did not confer with the DOL to determine whether their pay practices were in compliance with the requirements of the FLSA.

64. Prior to the filing of this lawsuit, Defendants did not confer with an accountant to determine whether their pay practices were in compliance with the requirements of the FLSA.

65. Based on the allegations above, Defendants had no objective or subjective good faith belief that their pay and time practices were in compliance with the FLSA, and Plaintiff, and the similarly situated class of individuals she seeks to represent, are entitled to liquidated damages.

66. Plaintiff, and the class of similarly situated individuals she seeks to represent, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that this Court conditionally certify the above defined class, award Plaintiff, and the class of similarly situated individuals she seeks to represent, full minimum wage damages owed, liquidated damages, reasonable attorneys' fees and costs, and all other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April 24, 2018.

Respectfully submitted,

***/s/ NOAH E. STORCH***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler, Esq.
Florida Bar No. 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com
Email: richard@floridaovertimelawyer.com

*Attorneys for Plaintiffs*